IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBIN ROSE LEEDY,

        Plaintiff,

        v.

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security
Administration,

        Defendant.

Civ. No. 6:16-cv-00062-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff Robin Rose Leedy filed an application for Supplemental Security Income (SSI) on June 20, 2012. After a hearing, the administrative law judge (ALJ) issued a written decision finding Leedy not disabled. Tr. 18-31. When the Appeals Council denied Leedy's request for review, the ALJ's decision became the final decision of the Commissioner.

    Leedy seeks judicial review of the Commissioner's decision. For the purpose of this appeal, Leedy alleges disability as of the month she turned 55 years of age. Pl.'s Br., 1. Leedy's residual functional capacity (RFC) as set forth by the ALJ demonstrates she meets the medical-vocational profile set forth in 20 C.F.R. § 416.962(b). Under the regulations, Leedy is therefore

1 – OPINION AND ORDER

disabled. The ALJ's decision is REVERSED and this matter is REMANDED for an award of benefits.[1]

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration uses a five step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. The initial burden of proof rests upon the claimant to meet the first four steps. If claimant satisfies his or her burden with respect to the first four steps, the burden shifts to the Commissioner at step five. 20 C.F.R. § 404.1520. At step five, the Commissioner's burden is to demonstrate the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity (RFC), age, education, and work experience. *Id.*

At step two, the ALJ determined that Leedy had severe impairments of: status post-surgical intervention for distal left leg injury with some residual anomalies; obesity; attention

---

[1] Because Leedy meets § 416.962(b), I need not address her other allegations of error.

deficit hyperactivity disorder, generalized anxiety disorder, and personality disorder. Tr. 23. The ALJ found Leedy had the RFC to perform medium work provided, amongst other things, that she is "limited to simple, repetitive, routine tasks. . . ." Tr. 26.

For the purpose of this appeal, Leedy accepts the ALJ's RFC. Leedy argues that given that RFC, she meets the medical-vocational profile set forth in 20 C.F.R. § 416.962(b) as a matter of law. One meets the medical-vocational profile of § 416.962(b) if one: has a severe, medically determinable impairment; is 55 or older; has a limited education or less as defined in § 416.964, and; has no past relevant work experience.

Leedy turned 55 years old in 2013. She has severe, medically determinable impairments. She has no past relevant work experience. The only factor in dispute is whether Leedy has a limited education or, as argued by the Commissioner, she has a high school education or above. The Commissioner argues that common sense dictates that because Leedy has a GED, she has at least a high school education. I disagree. Under these facts, and given the medical findings credited by the ALJ, Leedy meets, at best, the "limited education" set out in § 416.964. As a matter of law, Leedy is disabled under the regulations. *See* § 416.962(b) ("If the evidence shows that you meet this profile, we will not need to assess your residual functional capacity or consider the rules in appendix 2 to subpart P of part 404 of this chapter.").

The regulations lay out the framework for considering someone's education as a vocational factor. § 416.964.

> (a) *General. Education* is primarily used to mean formal schooling or other training which contributes to your ability to meet vocational requirements, for example, reasoning ability, communication skills, and arithmetical ability. However, if you do not have formal schooling, this does not necessarily mean that you are uneducated or lack these abilities. Past work experience and the kinds of responsibilities you had when you were working may show that you have intellectual abilities, although you may have little formal education. Your daily

3 – OPINION AND ORDER

activities, hobbies, or the results of testing may also show that you have significant intellectual ability that can be used to work.

(b) *How we evaluate your education*. The importance of your educational background may depend upon how much time has passed between the completion of your formal education and the beginning of your physical or mental impairment(s) and by what you have done with your education in a work or other setting. Formal education that you completed many years before your impairment began, or unused skills and knowledge that were a part of your formal education, may no longer be useful or meaningful in terms of your ability to work. Therefore, the numerical grade level that you completed in school may not represent your actual educational abilities. These may be higher or lower. However, if there is no other evidence to contradict it, we will use your numerical grade level to determine your educational abilities. The term *education* also includes how well you are able to communicate in English since this ability is often acquired or improved y education. In evaluating your educational level, we use the following categories:

    (1) *Illiteracy*. Illiteracy means the inability to read or write. We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally, an illiterate person has had little or no formal schooling.

    (2) *Marginal education*. Marginal education means ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs. We generally consider that formal schooling at a 6th grade level or less is a marginal education.

    (3) *Limited education*. Limited education means ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs. We generally consider that a 7th grade through the 11th grade level of formal education is a limited education.

    (4) *High school education and above*. High school education and above means abilities in reasoning, arithmetic, and language skills acquired through formal schooling at a 12th grade level or above. We generally consider that someone with these educational abilities can do semi-skilled through skilled work.

Leedy dropped out of school after finishing the 8th grade. She obtained a GED certificate in 1980. She has no relevant work experience after obtaining her GED. Leedy was homeless during many of the years between obtaining her GED and filing for benefits. Leedy earned over

$400 in only three years since obtaining her GED. Leedy earned $703.69 in 1991, the last year she reported earnings.

The Commissioner argues Leedy's 33-year-old GED (as of the year she turned 55) demonstrates she has a "high school education and above." Considering Leedy's RFC, her work history, and the medical opinions credited by the ALJ, I disagree.

Going strictly by her formal schooling, Leedy meets the "limited education" category of a 7th through 11th grade level of formal education. § 416.964(b)(3). But the regulations recognize that other factors, such as work history or activities of daily living, may factor into someone's educational abilities. "However, if there is no other evidence to contradict it, we will use your numerical grade level to determine your educational abilities." § 416.964(b). Here, Leedy has no work history and her activities of daily living in no way indicate her educational abilities exceed that of a limited education.

Additionally, the ALJ concluded Leedy was limited to "simple, repetitive, routine tasks." Tr. 26. This finding corresponds with a limited education which does not "allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs." § 416.964(b)(3). Someone with a high school education and above is capable of "semi-skilled through skilled work," § 416.964(b)(4), which Leedy's limitation to "simple, repetitive, routing tasks" precludes. The ALJ gave great weight to the nonexamining state agency psychologist who opined Leedy was capable of remembering 1 to 2 step instructions but incapable of carrying out more detailed instructions. Tr. 29.

Of course a GED may under many, if not most, circumstances correspond with a high school education and above. "However, if there is no other evidence to contradict it, we will use your numerical grade level to determine your educational abilities." § 416.964(b). Here, the

5 – OPINION AND ORDER

ALJ's own findings demonstrate Leedy falls into the "limited education" category where she is precluded from completing "the more complex job duties needed in semi-skilled or skilled jobs." *Id.* Under these facts, the ALJ erred in relying solely on a GED, rather than the factors set forth in § 416.964 to establish Leedy had a "high school education and above." Leedy meets the medical-vocational profile set forth in § 416.962(b) and is therefore disabled under the regulations as of the month she turned 55.

## CONCLUSION

The Commissioner's decision is REVERSED. This matter is REMANDED for an award of benefits.

IT IS SO ORDERED.

DATED this 1st day of February, 2017.

                                                  _____/s/ Michael McShane_____
                                                            Michael McShane
                                                   United State District Judge